UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 13** |
| **SHARIA PATRICE RILEY** | ) | **CASE: A18-51781-JWC** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Chapter 13 Petition and Schedules reflect an unsecured debt total greater than the amount allowed under 11 U.S.C. Section 109(e). The total of debt owed renders the Debtor ineligible for Chapter 13 relief.

2.

The plan as proposed will extend to sixty-one (61) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

4.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

5.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period ending December 31, 2017. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

6.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

7.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $2,030.00 per month in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

8.

The Trustee requests proof of the non-filing spouse's income, a copy of the trust documents for the Debtor's son account and proof of the account balance in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

9.

The Debtor has failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

10.

The Chapter 13 budget reflects a total monthly household expense of $5,296.00, an amount that may be excessive and unnecessary for the maintenance or support of the Debtor or Debtor's dependents in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

11.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor's child support income has reduced to $799.00 bi-weekly and the non-filing spouse's income is overstated.

12.

Official Form 122C-2 reflects an amount for line item 9b that appears to be incorrect. 11 U.S.C. Section 1325(b)(2) and 11 U.S.C. Section 1325(b)(3).

13.

The Chapter 13 Trustee requests proof of the expense for the non-filing spouse's child support in the amount of $831.50 on line 19 of the Official Form 122C-2 and proof of the expense for child care in the amount of $700.00 on line 21 of the Official Form 122C-2. 11 U.S.C. Section 1325(b)(2) and 11 U.S.C. Section 1325(b)(3).

14.

The Debtor's Chapter 13 plan fails to check the box for a motion to be filed in Section 3.2 for all government creditors. The Trustee is unable to administer the plan as filed 11 U.S.C. 1302(b)(3).

15.

The Debtor proposes a composition plan while proposing to pay an automobile debt of $45,593.00, thereby indicating a lack of good faith in proposing the repayment plan in violation of 11 U.S.C. Section 1325(a)(3). The Debtor is contributing an excessive amount of disposable income toward the automobile purchase which could otherwise benefit the unsecured creditors in violation of 11 U.S.C. Section 1325(b)(1)(B).

16.

The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

17.

The Trustee cannot administer the proposed post-confirmation increase in creditor set payments because the proposed increase date will occur before the attorney fees are paid in full and thus the sum of the monthly set payments will exceed the proposed plan payment.

Page 4 of 5

18.

The Debtor may receive income tax refunds during the applicable commitment period. These funds could assist the Debtor in completing the case and could be projected disposable income for unsecured creditors. The Debtor's plan fails to provide for these refunds to be paid to the plan during the applicable commitment period. 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

19.

The Chapter 13 plan proposes to value the secured lien of the Internal Revenue Service and potentially reduce the funds to be received on the creditor's secured claim. The Debtor has failed to file a motion to accompany this plan treatment. The proposed treatment may violate 11 U.S.C. Section 506 and 11 U.S.C. Section 1322(b)(2).

20.

The plan fails to correctly treat the Internal Revenue Service in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 1325(a)(5).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 26th day of March, 2018.

Respectfully submitted,

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350

## CERTIFICATE OF SERVICE

Case No: A18-51781-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
SHARIA PATRICE RILEY
915 CEDAR CREST COURT SW
LILBURN, GA  30047


**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com



This the 26th day of March, 2018.


/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303